820 F.2d 1225
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Roger C. MOLL, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 85-1772.
 United States Court of Appeals, Sixth Circuit.
 June 24, 1987.
 
 Before MERRITT and MARTIN, Circuit Judges, and BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Roger Moll was denied social security disability benefits and now argues that the decision of Secretary of Health and Human Services is not supported by substantial evidence. We affirm the denial of benefits.
 
 
 2
 Moll brought this action pursuant to section 205(g) of the Social Security Act, 42 U.S.C. Sec. 405(g) and seeks review of the Secretary's determination that Moll was capable of performing of light work, was not disabled and was consequently not entitled to disability benefits. Moll filed a period of disability and disability insurance benefits in December 1977. His claim was denied initially and on reconsideration. Moll requested a hearing before an administrative law judge and in September 1979 an administrative law judge found that Moll had a residual functional capacity to perform sedentary work and was not disabled. The Appeals Council affirmed.
 
 
 3
 Moll appealed and a district court in September 1980 remanded the case for further vocational evidence. In the second administrative hearing the administrative law judge found that Moll did not have a severe impairment between early April 1977 and late September 1978, but that he was disabled from late September 1978 until June 1982 when he returned to work. The administrative law judge consequently determined that Moll was entitled to disability insurance benefits for the span between September 1978 and June 1982. The Appeals Council modified this decision, however. It determined that Moll's allegations of pain and functional loss were not supported by evidence in the record. The Appeals Council found that Moll retained the capacity to do a full range of light work and, applying the Medical-Vocational Gudelines, 20 C.F.R. Part 404, Subpart P, Appendix 2 (1986), concluded that Moll was not disabled. This decision is the Secretary's final determination.
 
 
 4
 The case then returned to the district court. The magistrate found that, because the record contained substantial evidence to support the administrative law judge, the Appeals Council's decision was error. The district court rejected the magistrate's recommendation, found that the Secretary's decision was supported by substantial evidence, and awarded summary judgment in favor of the Secretary.
 
 
 5
 We agree with the district court that there is substantial evidence in the record to support the Secretary's denial of disability benefits. In making his claim for benefits, Moll relies heavily on his subjective complaints of pain and functional loss. The testimony of Dr. Field and Dr. Sulfridge undermined the credibility of Moll's claims: Dr. Sulfridge, the treating physician, said the results of Moll's spinal fusion were excellent and that his prognosis was good; Dr. Field found that Moll's range of motion was good and that Moll could do heel and toe walking, and knee bending satisfactorily. Also, there was no evidence of degenerating nerve or muscle tissue. As a final blow, there is testimony in the record that Moll was seen operating machinery in his yard.
 
 
 6
 The judgment of the district court is affirmed.